IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

MELVIN HINES,                    *

                                    *

        Petitioner,            *

                                      *

v.                               *      CASE NO. 6:06-CV-20 (HL)

                                    *          28 U.S.C. § 2254

MICHELLE MARTIN, Warden,     *

                                    *

        Respondent.         *

## REPORT AND RECOMMENDATION

Before the Court is Respondent's Motion to Dismiss Petition as Untimely and/or Failure to Exhaust Available State Remedies.  Petitioner was notified of his right to respond to the Motion but has failed to do so.

The procedural history of this case reveals that on November 26, 2002, Petitioner Hines, who is currently incarcerated in the Phillips State Prison in Buford, Georgia, pleaded guilty in the Thomas County Superior Court to one count of possession of a firearm by a convicted felon. (R-9, Ex. 1.)  Petitioner was sentenced to five years in prison, to be served concurrently with a sentence he was already serving.

In her Motion to Dismiss (R-9), Respondent contends that Petitioner's one-year limitations period for filing a petition pursuant to 28 U.S.C. § 2254 expired prior the filing of the current petition and further contends that Petitioner failed to file a direct appeal of his guilty plea or a state habeas corpus petition.  Respondent, therefore, moves the Court to dismiss the application as untimely and for Petitioner's failure to exhaust his available state remedies.

**Limitations Period**

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisprudence." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), the United States Court of Appeals for the Eleventh Circuit joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not

2

be filed more than one year from the "date on which the judgment becomes *final*."   *Id*. at

1337.  The *Kaufmann* Court stated:

> We are also persuaded by the fact that the Supreme Court has
> expressly defined when a conviction becomes "final," albeit
> prior to the enactment of AEDPA.  *See Griffith v. Kentucky,* 479
> U.S. 314, 107 S. Ct. 708 (1987).  In *Griffith,* the Court stated:
> "By 'final'*,* we mean a case in which a judgment of conviction
> has been rendered, the availability of appeal exhausted, *and the
> time for a petition for certiorari elapsed or a petition for
> certiorari finally denied*." *Id.* at 321 n.6, 107 S. Ct. 708
> (emphasis added).

*Id*. at 1338.

Respondent is correct in that Petitioner's instant petition is untimely under 28 U.S.C.

§ 2244(d).  Pursuant to O.C.G.A. § 5-6-38, Petitioner had thirty days from the date of his

conviction in which to file a notice of appeal.  Petitioner Hines pleaded guilty and was

sentenced on November 26, 2002, and thus, had until December 25, 2002, to file a notice of

appeal.  Having failed to file a direct appeal, Petitioner's conviction became final for

purposes of the AEDPA statute of limitations on December 26, 2002.  Petitioner's one-year

limitations period began to run, then, on December 26, 2002, and ended on December 25,

2003.

Thus, Petitioner's current habeas petition, which was not filed until March 16, 2006,

was filed more than two years and three months after the expiration of his limitations period.

Petitioner's application for federal habeas relief is, therefore, barred by the AEDPA period

of limitations.

## Exhaustion Requirement

It is well settled that, absent extraordinary circumstances, a federal court will not determine the merits of claims contained in a habeas corpus petition until they have been exhausted in state court.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rose v. Lundy*, 455 U.S. 509, 519 (1982); *Picard v. Conner*, 404 U.S. 270, 275 (1971).  Title 28 of the United States Code, Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> >
> > > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

28 U.S.C. § 2254(b) (1996).

As stated above, this Court is generally not authorized to entertain a petition for federal habeas corpus relief where Petitioner has not exhausted his available state remedies, unless Respondent waives the exhaustion requirement, which has not been done in this case. Petitioner's application, therefore, should be dismissed without prejudice, allowing Petitioner

to exhaust his state remedies.  However, even if Petitioner were to exhaust the remedies

available to him, any subsequent federal habeas petitions would still be found untimely and

barred by the AEDPA limitations period, as noted above.

WHEREFORE, it is hereby **RECOMMENDED** that Petitioner's instant action be

DENIED as untimely and DISMISSED for Petitioner's failure to exhaust his state remedies.

SO RECOMMENDED this 10th day of October, 2006.


S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE