# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | |
|---|---|
| **MELVIN HINES,** : | |
| : | |
| Petitioner, : | |
| : | |
| v.  : | Civil Action No. 6:06-cv-20 (HL) |
| : | |
| **MICHELLE MARTIN,** : | |
| : | |
| Respondent. : | |

## ORDER

The Recommendation of the United States Magistrate Judge (Doc. 22) filed October 10, 2006, has been read and considered. The Objection to the Recommendation (Doc. 20) filed by Petitioner Melvin Hines ("Hines") on September 11, 2006,[1] has also been thoroughly read and considered and is found to be without merit.[2] The Recommendation is hereby accepted and

---

[1] Hines' Objection was technically filed in response to the Recommendation filed by the United States Magistrate Judge on August 28, 2006 (Doc. 19). However, the United States Magistrate Judge withdrew the Recommendation filed on August 28, 2006, in order to correct typographical errors, and replaced it with the Recommendation of October 10, 2006 (Doc. 22), which contained no substantive changes. (Doc. 21.) Accordingly, the Objections filed by Hines are properly addressed to the Recommendation of October 10, 2006, even though they were filed beforehand. Furthermore, because none of the changes made to the Recommendation were substantive, Hines was not entitled to file any additional objections. (Id.)

[2] The Court notes that the Supreme Court of the United States has held a court may dismiss a claim as factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). At a number of places in various pleadings to the Court, Hines complains that he was given medication before he pleaded guilty that allowed the State to read his thoughts. (Doc. 14 at 1-2, Doc. 15 at 4, Doc. 20 at 3.) Hines also objects that he was never, in fact, sentenced in the underlying case. (Doc. 20 at 1-4.) Hines' claims that the State can read his mind and that his sentencing never took place rise to the level of the irrational and are so wholly

made the Order of the Court, with the following alteration.

While the Court accepts the substantive analysis of the United States Magistrate Judge as sound, it rejects his conclusion that "Petitioner's instant action be DENIED as untimely and DISMISSED for Petitioner's failure to exhaust his state remedies."  (Doc. 22 at 5.)  Instead, because Hines' § 2254 petition is clearly untimely for the reasons set forth by the United States Magistrate Judge, and because Hines did not toll the one-year period under § 2244(d)(2), the Court dismisses his Petition (Doc. 2) with prejudice.

SO ORDERED, this the 16th day of October, 2006.

                                            **s/    Hugh Lawson**
                                            HUGH LAWSON, JUDGE

pdl

---

incredible as to warrant summary dismissal.